IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SOLVAY CHEMICALS INTERNATIONAL
SOCIÉTÉ ANONYME; SOLVAY
COORDINATION INTERNATIONALE DES
CREDITS COMMERCIAUX;

CIVIL NO. 08-1328 (JAF)

    Plaintiffs,

          v.

OWENS-ILLINOIS DE PUERTO RICO, LLC

    Defendant.

**TEMPORARY RESTRAINING ORDER,
ORDER OF PROHIBITION TO ALIENATE AND WRIT OF PROHIBITION TO ALIENATE, AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

THIS MATTER came before the attention of this Court on March 17th 2008, on Plaintiffs' Verified Complaint and "Motion for *Ex Parte* Temporary Restraining Order, Order Of Prohibition to Alienate, And Writ Of Prohibition To Alienate, And For An Order To Show Cause Why A Preliminary Injunction Should Not Be Issued". Plaintiffs are represented by Oreste R. Ramos of Pietrantoni Méndez & Alvarez, LLP. The Court considered the unsworn declaration under penalty of perjury in the Verified Complaint and the documents attached to the Verified Complaint Motion for *Ex Parte* Temporary Restraining Order, Order Of Prohibition to Alienate, And Writ Of Prohibition To Alienate, And For An Order To Show Cause Why A Preliminary Injunction Should Not Be Issued, and Plaintiffs' Memorandum of Law in support thereof, as well as the other pleadings submitted by Plaintiffs.

In accordance with Federal Rules of Civil Procedure 52(a) and 65(d), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

    1.    This court has subject matter jurisdiction of this matter under 28 U.S.C. § 1338(a).

    2.    This Court finds that the requested *Ex Parte* Temporary Restraining Order ("TRO") and Order Of Prohibition to Alienate, and Writ Of Prohibition To Alienate are necessary and

appropriate because:

  a. Owens-Illinois de Puerto Rico, LLC ("Owens") has failed to pay Plaintiffs for 7,568,000 kg of sodium carbonate dense bulk or soda ash. Despite having admitted its debt of over $1,697,241.70 and having agreed to pay the entire invoiced amount, Owens has not paid for the goods delivered and the debt is liquid, due and owing. Plaintiffs have thus demonstrated a substantial probability of prevailing on the merits of their action.

  b. Plaintiffs will suffer irreparable injury if this temporary restraining order is not granted. Plaintiffs may suffer an irreparable harm since Owens already informed Plaintiffs that it is facing cash flow problems; Owens expressed an intention to transfer the unpaid soda ash to a third party outside of this jurisdiction; and Owens' manufacturing facility in Vega Alta has closed operations. Hence, Plaintiffs have a reasonable and legitimate fear that if the instant restraining order is not issued, Owens may dispose of any soda ash they have in stock in the Vega Alta facility, Owens may become insolvent, and Plaintiffs will be unable to satisfy a judgment issued by this Court in its favor.

  c. The balance of relative harms strongly favors Plaintiffs because the restraining order sought— enjoining Owens from using, transferring, disposing, concealing, destroying, or transferring outside of Puerto Rico any and all of the 7,568,000 kg of soda ash in stock at the Vega Alta facility— will not affect Owens' business. The restraining order sought would only require that Owens save and keep the soda ash in stock. Given that the Vega Alta plant has closed for business and that, accordingly, Owens will not be manufacturing glass bottles in Puerto Rico, Owens has no use for the soda ash it has in stock and its business would not be interrupted by the restraining order. On the other hand, if the restraining order is not issued and Owens is not refrained from using, transferring, disposing, concealing, destroying, or transferring outside of Puerto Rico any and all of the 7,568,000 kg of unpaid soda ash in stock in the Vega Alta plant, Plaintiffs will be unable to recover its loss of $1,697,241.70 once a judgment is issued in its favor. Hence, there is no question that the balance of interests weighs in favor of the issuance of the order.

        d.      The public interest is not affected by the temporary restraining order because the Vega Alta facility is closed so no disruption to Owens' business would be caused by the order, the restraining order is limited in its scope to guarantee that Plaintiffs will be able to recover on its legally cognizable claims, and Owens has flagrantly disregarded its obligations to pay for the goods sold and delivered to their manufacturing facility. Furthermore, the public interest will benefit from this order. An order restraining Owens from further causing harm on Plaintiffs will benefit the public interest as it will provide some certainty that Plaintiffs will be able to recoup the losses incurred while doing business in Puerto Rico. This may offset the chilling effect that Owens' conduct has had, or will have, in other international corporations contemplating conducting business in Puerto Rico.

        e.      The issuance of said orders in an *ex parte* fashion is warranted in this case because the possibility of easy disposition of the goods delivered by the Plaintiffs enhances the potential of irreparable harm. If Owens were to be given notice of this action, of the TRO or of the Order Of Prohibition to Alienate, and Writ Of Prohibition To Alienate prior to the time these orders are served, there is a substantial risk and probability that Owens will destroy evidence and/or transfer the soda ash to a third party, and squander its assets to avoid liability thus impairing the ability to effect the relief to which Plaintiffs are entitled to.

        f.      Plaintiffs have thus, satisfied all of the criteria for the issuance of a TRO without notice to Owens and for the issuance of an Order Of Prohibition to Alienate, and Writ Of Prohibition To Alienate, supporting the relief granted herein.

## II. TEMPORARY RESTRAINING ORDER

**IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED** that, pending the hearing and determination on Plaintiffs' request for the issuance of a preliminary injunction, Owens, its agents, officers, employees, attorneys, anyone under its control or acting in concert or participation with it, be restrained as from using, transferring, disposing, concealing, destroying, or transferring outside of Puerto Rico any and all of the 7,568,000 kg of Solvay's unpaid soda ash in stock in the Owens' manufacturing facility in Vega Alta, Puerto Rico.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire ten (10) days following the date of this Order unless, within that time, it is extended for good cause shown.

### III. ORDER FOR PROHIBITION TO ALIENATE

**IT IS HEREBY ORDERED** that, upon the Plaintiffs posting a bond with the Clerk of this Court in the amount of $20,000.00 (i) the United States Marshal in the District of Puerto Rico, (ii) other law enforcement officers, federal, state or local, (iii) Plaintiffs' legal representatives and their assistants, including but not limited to Mr. Aguedo De la Torre, and/or (v) private process server(s) engaged by the Plaintiffs, shall promptly serve a copy of this Order and papers filed herein on Owens in order to prohibit Owens from alienating its existing inventory of any and all of 7,568,000 kg of Solvay's unpaid soda ash found in its facilities and proscribing Owens from transferring any of their assets up to $1,697,241.70.

**IT IS FURTHER ORDERED** that the following banks and financial institutions freeze Owens' assets, money, securities, and other financial instruments deposited and invested in its banks or institutions up to $1,697,241.70, in order to guarantee the satisfaction of a judgment issued by this Court in Solvay's favor: (1) Oriental Bank, (2) RG Premier Bank, (3) Banco Popular de Puerto Rico, (4) Banco Bilbao Vizcaya Argentaria, (5) Santander Bank, (6) Scotiabank, (7) Westernbank, (8) FirstBank, (9) Eurobank, (10) Citibank, (11) Doral Bank, (12) UBS, (13) Wachovia, and (14) Merrill Lynch.

**IT IS FURTHER ORDERED** that Defendants shall cooperate with the United States Marshal or other designated law enforcement officers, process servers, Plaintiffs' legal representatives and their assistants, the private investigators and their personnel or assistants, including the technicians engaged to assist Plaintiffs and said firms, as specified in this order, in identifying the 7,568,000 kg of Solvay's unpaid soda ash in stock in the Owens' manufacturing facility in Vega Alta, Puerto Rico and its assets up to $1,697,241.70.

### IV. ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED

**IT IS FURTHER ORDERED** that:

Owens shall show cause on the **28th day of March, 2008**, at **10:00 A.M.**, or as soon thereafter as counsel can be heard, in Courtroom 7, United States District Courthouse, Chardón Avenue, Hato Rey, Puerto Rico, why an order should not be issued granting the Plaintiffs a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure which shall extend, during the pendency of this suit, the injunctive relief granted by this Temporary Restraining Order;

Owens shall have up to and including **March 24, 2008 at Noon**, to file and serve by hand delivery on the Plaintiffs' counsel any briefs, affidavits or other evidence in opposition to Plaintiffs' Motion or otherwise to show cause why a preliminary injunction should not be issued; and

Owens' failure to submit said opposition or attend the show cause hearing shall result in the immediate issuance of the Preliminary Injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of the Temporary Restraining Order.

This Order, as well as the summons and complaint, shall be served upon Defendant **forthwith**.

**ISSUED** at 2:00 P.M.. in San Juan, Puerto Rico, this 18th day of March, 2008.

                                                            S/ José Antonio Fusté  
                                                            JOSE ANTONIO FUSTE  
                                                             Chief United States District Judge